IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUSTIN BUTTARS,<br><br>        Plaintiff,<br><br>v.<br><br>JOHNSON MARK, LLC,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>Case No. 2:26-cv-00546<br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

On July 9, 2026, Plaintiff Austin Buttars filed a motion asking the court to dismiss this action without prejudice "in order to streamline the related state court litigation against Portfolio Recovery Associates, LLC, which is currently pending in the District Court of the Seventh Judicial District, Bonneville County, Idaho, Case No. CV10-25-4815." (ECF No. 22.)

The Plaintiff originally filed this matter in the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville, on February 27, 2026. (See ECF No. 1-2.) Defendant Johnson Mark, LLC, then removed this matter to the United States District Court for the District of Idaho on March 16, 2026. (Not. Removal, ECF No. 1.) The Defendant filed a motion to transfer the case to the District of Utah, a motion which the District of Idaho court granted on June 12, 2026. (Mem. Decision & Order, ECF No. 15.) The Defendant then answered the complaint on June 18, 2026. (ECF No. 20.)

"Once a defendant files an answer … a plaintiff may voluntarily dismiss an action only upon order of the court." Ohlander v. Larson, 114 F.3d 1531, 1536–37 (10th Cir. 1997) (citing

1

Fed. R. Civ. P. 41(a)(2)).  "A district court should normally grant dismissal without prejudice, absent 'legal prejudice' to the defendant."  Mitchell v. Roberts, 43 F.4th 1074, 1083 (10th Cir. 2022) (quoting Ohlander, 114 F.3d at 1537).  "The parameters of what constitutes 'legal prejudice' are not entirely clear, but relevant factors the district court should consider include: [1] the opposing party's effort and expense in preparing for trial; [2] excessive delay and lack of diligence on the part of the movant; [3] insufficient explanation of the need for a dismissal; and [4] the present stage of litigation."  Id. (quoting Ohlander, 114 F.3d at 1537).

The court finds that there is no legal prejudice against the Defendant and grants the Plaintiff's motion for voluntary dismissal without prejudice.  This matter is in the early stages of litigation and has required relatively little expense and effort from the parties in preparing for trial.  While the Defendant has expended effort by removing the case to federal court and transferring the case to another district, the Defendant has yet to defend the merits of the case other than by filing an answer.  The Plaintiff has also not proceeded with excessive delays or demonstrated a lack of diligence.  And while the court agrees with the Defendant that it is unclear how dismissal of this action would streamline an Idaho state court action against a different defendant, the court finds no bad faith in the explanation.  The Plaintiff is self-represented, and the court therefore construes the Plaintiff's representations liberally.  The Plaintiff may simply wish to concentrate his attention and resources on the other matter.

Nevertheless, the Defendant argues that it would be unfairly prejudiced if the court dismisses this action without prejudice because the Plaintiff would be free to file additional litigation at a future time.  But the Federal Rules of Civil Procedure generally allow a plaintiff to dismiss an action one time before the dismissal will act as an adjudication on the merits.  See Fed. R. Civ. P. 41(a)(1)(B) ("But if the plaintiff previously dismissed any federal- or state-court

action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.").

The Defendant also maintains that the Plaintiff may simply refile this action in Idaho state court, thereby circumventing the procedural rulings that have occurred in this case. But both state and federal rules of procedure provide a curb against this kind of gamesmanship. The Plaintiff should be aware that under Rule 11 of the Federal Rules of Civil Procedure or Rule 11 of the Idaho Rules of Civil Procedure, a court could order sanctions against him for filing a case with an improper purpose or to harass the Defendant. In any event, it appears that the Plaintiff was represented by counsel when he was litigating in Idaho, and counsel would recognize the danger of filing a new case simply to avoid the effects of a court's ruling in a previous case. Finally, although the court recognizes the Defendant's concern that it may be forced to relitigate certain procedural issues, the court finds that this potential prejudice against the Defendant does not outweigh the certain penalty against the Plaintiff that would occur were the court to order that the dismissal be with prejudice. Even where defendants have been forced to litigate the merits of an action and the case is later dismissed as a sanction for violating discovery rules, the Tenth Circuit has cautioned that "[b]ecause dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992) (citation modified).

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.     The Plaintiff's Motion for Voluntary Dismissal (ECF No. 22) is GRANTED.

2.     The court DISMISSES this matter without prejudice.

DATED this 13th day of August, 2026.

BY THE COURT:

Tena Campbell
United States District Judge